# EXHIBIT A

Pisanchyn Law Firm
Michael J. Pisanchyn Jr., Esquire
ID#: 87542
Thomas J. Carroll Jr., Esquire
ID#: 207130
524 Spruce Street
Scranton, PA 18503
570-344-1234



Filed and Attested by the
Office of Judicial Records
25 MAR 2021 09:30 am

Attorneys for Plaintiff

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| Ashley Neiman, Individually, and as The Guardian and Natural Parent of "AA", a minor, | : | CIVIL ACTION-LAW |
| Plaintiffs | : | |
| | : | RECEIVED |
| v. | : | APR 13 2021 |
| | : | Legal Department |
| Apple Inc., Best Buy and/or Best Buy Co., Inc. and/or BestBuy.com, LLC, Chuck Sullick | : | NO. |
| | : | JURY TRIAL DEMANDED |
| Defendants | : | |

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and the Court without further notice may enter a judgment against you for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Legal Services of Northeastern PA, Inc
410 Bicentennial Building
15 Public Square
Wilkes-Barre, PA 18701
570-825-8567

Case ID: 210302528

Pisanchyn Law Firm
Michael J. Pisanchyn Jr., Esquire
ID#: 87542
Thomas J. Carroll Jr., Esquire
ID#: 207130
524 Spruce Street
Scranton, PA 18503
570-344-1234                                                    Attorneys for Plaintiff

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| Ashley Neiman, Individually, and as | : | |
| The Guardian and Natural Parent of | : | CIVIL ACTION-LAW |
| "AA", a minor, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | NO. |
| Apple Inc.. Best Buy and/or | : | |
| Best Buy Co., Inc. and/or | : | |
| BestBuy.com, LLC, Chuck | : | |
| Sullick | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | |

## COMPLAINT

AND NOW, come the Plaintiffs, by and through their attorneys, The Pisanchyn Law

Firm and Michael J. Pisanchyn Jr., Esquire, and aver as follows:

1. Plaintiff, Ashley Neiman, is an adult individual who resides in in Wilkes-Barre,
   Pennsylvania, Luzerne County.

2. Plaintiff, "A.A." by and through her Parent and/or Legal Guardian Ashley Neiman, is a
   minor child that resides in Wilkes-Barre, Pennsylvania, Luzerne County.

3. Defendant, Apple Inc. (hereinafter "Apple") is a technology company located at 1 Apple
   Park Way, Cupertino, California 95104. Defendant Apple is in the business of designing,
   manufacturing, fabricating, selling, distributing, servicing and/or installing electronic
   wireless devices and cellular phones. Defendant Apple does significant business in and has

Case ID: 210302528

substantial contacts with the Commonwealth of Pennsylvania through various retail locations in Philadelphia County, including the Apple Store at 1607 Walnut Street, Philadelphia, Pennsylvania 19103, and Bucks County, including the Apple Store at Willow Grove Park Mall, 2500 West Moreland Road, Willow Grove, Pennsylvania 19090.

4. Defendant Apple is subject to the jurisdiction of this Court and can be served through its registered agent, CT Corporation System, Allegheny.

5. Defendant, Best Buy and/or BestBuy Co. Inc. and/or BestBuy.com, LLC, is a legal entity organized and existing under the laws of the State of Minnesota at 7601 Penn Ave. South Richfield, Minnesota through various retail locations including BestBuy store at 449 Arena Hub Plaza, Wilkes-Barre Township, PA 18702.

6. Defendant, Chuck Sullick, the general manager at the BestBuy store at 449 Arena Hub Plaza, Wilkes-Barre Township, PA 18702, is an adult individual who resides in Mountain Top, Pennsylvania, Luzerne County.

7. Sometime prior to December 2019, Apple designed, manufactured, sold and/or caused to be placed into the stream of commerce an Apple iPhone 11 Pro, which is the subject of this Complaint.

8. On or about December 3, 2019, Plaintiff purchased an Apple iPhone 11 Pro from BestBuy located at 449 Arena Hub Plaza, Wilkes-Barre Township, PA 18702.

9. On or about January 27, 2020, Plaintiff, A.A., was using the subject Apple iPhone 11 Pro for its intended use when a black substance started to come out of her ear. Plaintiff sustained injuries including but not limited to a concussion, headache, dizziness, tinnitus and a burn of her left ear.

10. It is believed and therefore averred that Defendant Apple may have distributed the iPhone and/or accessories to Defendant Best Buy.

11. The subject iPhone was designed, manufactured, assembled, distributed and/or sold by Defendant Apple.

12. Defendant Apple through its engineers, employees, managers, and suppliers evaluated and chose the iPhone and related systems and components in the subject iPhone knowing that its decisions on designs of those systems would affect the safety of all consumers.

13. The severe injuries during the subject incident are a proximate result of the unreasonably dangerous and defective design of the iPhone/iPhone accessories.

14. The severe injuries suffered by the minor child during the subject incident are the actual results of the unreasonably dangerous and defective design of iPhone/iPhone accessories

15. Defendants failed to properly design and manufacture the iPhone/iPhone accessories.

16. Defendants failed to safely distribute and sell the iPhone/iPhone accessories.

17. Any and all modifications and alterations were made by Defendants with the intention of prioritizing profits over the safety of the consumer.

18. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused severe injuries to Plaintiff.

19. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused Plaintiff to suffer injuries that preclude his from enjoying the pleasures of life, participating in activities and vocations.

20. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused Plaintiff to incur substantial medical expenses.

21. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused Plaintiffs to suffer wage loss and lost earning capacity.

22. The injuries suffered by Plaintiffs are the direct and proximate result of the negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants including their owners, agents, servants and/or employees.

### COUNT I-NEGLIGENCE
### Plaintiffs v. Apple Inc.

23. Paragraphs 1-22 as well as all paragraphs in the complaint are incorporated herein by reference as if fully set forth herein at length.

24. At all times relevant to this complaint, Defendants so negligently, carelessly and recklessly designed, manufactured, constructed, assembled, inspected, distributed and sold the iPhone/iPhone accessories that it was dangerous and unsafe for its intended uses.

25. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to use due care under the circumstances.

26. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to not place Plaintiff at risk of harm through their actions or inactions.

27. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to have their iPhone/iPhone accessories under such control that they would not cause injury, to any person, including Plaintiff.

28. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to have policies and procedures in place to ensure the equipment was being used in an appropriate manner.

29. The aforesaid accident was due solely to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct and/or outrageous and/or intentional conduct of Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff.

30. The aforesaid incident was caused by the negligence, carelessness and/or recklessness of Defendant Apple, acting through its agents and employees by:

    a.  Failing to properly test, distribute and sell the subject iPhone;

    b.  Failing to provide proper and adequate training regarding the operation, use and safety of the subject iPhone.

    c.  Failing to adopt and/or incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and/or misuses;

    d.  Failing to provide adequate warnings, instructions, and/or directions regarding the safe use, operation, maintenance and/or servicing of the subject iPhone/iPhone accessories;

    e.  Failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

    f.  Failing to properly and adequately test and inspect the subject iPhone/iPhone accessories for defects;

Case ID: 210501545

g.  Issuing inadequate and/or incorrect instructions or warnings relative to use and maintenance of the subject iPhone/iPhone accessories;

h.  Failing to minimize foreseeable hazards and risks of injury associated with foreseeable uses and/or misuses of the subject iPhone/iPhone accessories;

i.  Failing to adequately assess and evaluate the dangers and hazards associated with foreseeable uses and/or misuses of the subject iPhone/iPhone accessories;

j.  Failing to timely and properly inspect the subject iPhone/iPhone accessories under the circumstances, both known and knowable to Defendant Apple;

k.  Failing to conduct adequate studies, tests and inspections of the subject iPhone/iPhone accessories;

l.  Failing to properly train and instruct Plaintiff on the safe use and operation of the subject iPhone/iPhone accessories after it was designed and manufactured by Defendant;

m.  Failing to discover or take proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone/iPhone accessories;

n.  Failing to maintain proper and adequate quality control or assurance procedure. inspections and/or monitoring in regard to the design,

o.  Failing to maintain proper and adequate quality control or assurance procedures, testing, inspections, and/or monitoring, in regard to the third-party vendors and/or suppliers who supplied components for the subject iPhone/iPhone accessories;

p.  Failing to properly and adequately warn Plaintiff of the dangers of the defective subject iPhone/iPhone accessories that Defendant knew, or in the exercise of due care, should have known existed; and

q.  Failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as one Plaintiff experienced.

31. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to make sure that any equipment could be utilized in a safe manner to avoid the incident with the Plaintiffs person.

32. The January 27, 2020, incidents referred to above was directly and proximately caused by the negligence, carelessness and recklessness of some and/or all of the Defendants.

33. As a result of the above-stated acts and omissions, Plaintiff. suffered such harm as has been previously stated herein, including but not limited to unimaginable pain as the headphones caused severe injuries.

34. As a result of the aforesaid incidents and injuries sustained, Plaintiff, have incurred, yet incur and will/may incur various costs and expenses.

35. As a result of the aforesaid incidents and injuries sustained, Plaintiff, has been, are and will/may for an indefinite time in the future be forced to forego the pleasures of life.

36. As a result of the aforesaid accident and injuries sustained, Plaintiff, has suffered, yet suffer and will/may for an indefinite time in the future physical pain, mental anguish and humiliation.

37. As a result of the aforesaid accident and injuries sustained, Plaintiff, has been forced to undergo hospitalization and medical treatment.

38. As a result of the aforesaid accident and injuries sustained, Plaintiff, has expended, various and substantial sums of money for the medicine and medical attention in and above

endeavoring to treat and cure themselves of their injuries all to his great financial loss and damage.

**WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

**COUNT II**
**PRODUCTS LIABILITY AND/OR STRICT LIABILITY**
**Plaintiffs v. Apple Inc.**

39. Paragraphs 1-38 as well as all paragraphs in the complaint are incorporated herein by reference as if fully set forth herein at length.

40. On or about January 27, 2020, Plaintiff, A.A., was operating an Apple iPhone with Apple accessories designed and manufactured by Apple and sold by BestBuy.

41. The subject iPhone/iPhone accessories had been created and sold by Defendants, and was sold to Plaintiff.

42. The subject iPhone/iPhone accessories were in a defective and unsafe condition when the phone left the control of Defendant Apple and BestBuy and was unsafe for its reasonably foreseeable and intended uses.

43. The subject iPhone/iPhone accessories were used in the manner in which it was intended and/or a reasonably foreseeable manner.

44. The defect violated the Plaintiff's expectations of safety and functionality, as no other iPhone/iPhone accessories that are being sold are causing major injuries to other consumers.

Case ID: 210 052

45. A reasonable person, including Plaintiff, would conclude that the probability and seriousness of harm caused by the product outweigh the burden and/or costs of taking precautions.

46. At all times relevant hereto, Defendant owed a duty to provide a reasonably safe product for Plaintiff to operate.

47. At all times material and relevant hereto, the iPhone/iPhone accessories, upon leaving the control of the manufacturer and/or sold by Defendant was defective, in a condition not contemplated by the consumer which made the iPhone/iPhone accessories, unreasonably dangerous or not in a safe condition for use by the consumer.

48. The subject iPhone/iPhone accessories were in a defective and unsafe condition and were, upon normal use, dangerous beyond a reasonable consumer's contemplation.

49. The subject iPhone/iPhone accessories were in a defective and unsafe condition wherein a reasonable person would conclude that the probability and seriousness of harm caused by the product outweigh the burden or cost of taking precautions.

50. Defendant had a duty to make/market product to the consumer without a substantial change in the condition which it was sold—free from a defective and unreasonably dangerous condition to the consumer.

51. At all times relevant hereto, Defendants owed a duty to warn of any dangers and risks of injury when that product is used by a consumer in the manner and purpose for which the manufacturer and seller intended or had reason to believe it might be used or in a manner and purpose for which an ordinary person might believe it to be safe to use even though the manufacturer or seller did not intend or know it would be so used.

52. At all times relevant hereto, Defendants owed a duty to use reasonable care in designing, manufacturing and assembling products to insure that they are safe for the intended use and

for any other use for which the products were made or sold or for which Defendant knew or should have known or foreseen might be made of the product.

53. At all times relevant hereto, Defendants owed a duty to make all necessary tests and inspections to insure that Defendants' products are not likely to cause injury or harm when being used.

54. At all times relevant hereto, Defendants owed a duty to warn or otherwise inform others of any condition, use or circumstance involving the products that might cause injury of which he knew or should have known at the time the products were made or sold or of which he later became aware or should have become aware.

55. At all times relevant hereto, Defendants owed a duty to take action to be certain Defendants' products may be used safely.

56. At all times relevant hereto, Defendants owed a duty to manufacture and sell a product that embodies the most feasible design and safety devices and to employ the design and to utilize the safety devices which could have reasonably made the product less hazardous.

57. At all times relevant hereto, Defendants who sell a product manufactured by another has the same duties as the manufacturer of the product.

58. At all times relevant hereto, Defendants whether a wholesaler, retailer, supplier or distributor owed a duty to inspect or test a product manufactured by another where inspection would disclose dangers to the ultimate user of the product.

59. At all times relevant hereto, Defendants whether a wholesaler, retailer, supplier or distributor owed a duty to warn the buyer of such product risks or dangers that may be encountered in the use of the product.

60. At all times relevant hereto, Defendants whether a manufacturer, wholesaler, retailer, supplier or distributor owed a duty to insure the product would conform to any statement, affirmation of fact or any promise made regarding the product, description of the product or a sample or model of the product.

61. At all times relevant hereto, Defendants owed a duty to provide adequate warnings.

62. At all times relevant hereto, Defendants owed a duty to properly and adequately design the iPhone/iPhone accessories, in a safe and reasonable manner.

63. At all times relevant hereto, Defendants owed a duty to provide protection so that persons using the iPhone/iPhone accessories would not be injured.

64. At all times relevant hereto, Defendants owed a duty to properly manufacture the subject product, such that it was free from defects and/or variations from design specifications.

65. Defendant participated in the sale of a product.

66. Defendant installed and assembled the product which contained a defective condition because the design was defective and unsafe.

67. This design defect made the product unreasonably dangerous.

68. The products as assembled by Defendants remained unchanged and were in the same condition at the time of the injury hereafter alleged.

69. The defects in the IPhone/iPhone accessories caused the injuries to the Plaintiff.

70. Because of the lack of warnings or instructions Plaintiff was unaware of the dangers of the product.

71. The subject equipment was improperly designed and constructed, such that persons operating the iPhone/iPhone accessories could easily be injured through the product failure.

72. Multiple alternative designs existed that would have prevented an individual operating an IPhone/iPhone accessories without being injured.

73. Such alternative designs were feasible, available, and have required either no extra or minimal extra cost in manufacturing and designing the equipment.

74. Such alternative designs were necessary given the obvious dangers of an iPhone/iPhone accessories causing serious harm should it malfunction.

75. As a sole and direct result of Defendant violating the duties and breaches stated within this complaint as well as its actions and inactions, jointly, severally and through the actions and inactions of its servants, agents, workmen and employees caused the injuries to Plaintiff.

76. As a result of the aforesaid accident and injuries sustained, Plaintiffs have incurred, yet incur and will/may incur various costs and expenses.

77. As a result of the aforesaid accident and injuries sustained, Plaintiffs have been, is and will for an indefinite time in the future be forced to forego the pleasures of life and loss of companionship.

78. As a result of the aforesaid accident and injuries sustained, Plaintiff A.A., has suffered, for an indefinite time in the future physical pain, and mental anguish.

**WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

Case ID: 210302520

## COUNT III—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Plaintiffs v. Apple Inc.

79. Paragraphs 1-78 are incorporated herein by reference as if fully set forth herein at length as well as the entire Complaint.

80. The use of the phone by the Plaintiff owner and user was accompanied by Defendants' implied warranty of merchantability.

81. Plaintiff, A.A., expected to be able to use the subject phone for its ordinary purpose.

82. The subject phone was not fit for its ordinary use.

83. The subject phone did not conform to the promises and affirmations of fact made on the container, label, and similar advertising.

84. The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

85. Because the subject phone was sold to the owner and user with a serious defect that manifested itself within the period of the implied warranty and which substantially reduces its safety and performance, it (1) would not pass without objection in the trade under the contract description, (2) was and is not fit for the ordinary purposes for which such goods are used. (3) was not adequately contained, packaged, and labeled, and (4) did not conform to the promises or affirmations of fact made on the container or label.

86. Plaintiffs have been damaged by Defendants' violations and its failure to comply with its obligations under the implied warranty of merchantability.

Case ID: 210302528

**WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

## COUNT IV-NEGLIGENCE
### Plaintiffs v. Best Buy and/or BestBuy Co. Inc. and/or BestBuy.com, LLC

87. Paragraphs 1-86 as well as all paragraphs in the complaint are incorporated herein by reference as if fully set forth herein at length.

88. Best Buy and/or BestBuy Inc. Co. and/or BestBuy.com sold Plaintiff. "A.A." by and through her Parent and/or Legal Guardian Ashley Neiman, the IPhone/iPhone accessories.

89. Apple Inc. distributed and/or sold the IPhone/iPhone accessories to Best Buy and/or BestBuy Inc. Co. and/or BestBuy.com.

90. At all times relevant to this complaint, Defendants so negligently, carelessly and recklessly designed, manufactured, constructed, assembled, inspected, distributed and sold the IPhone/iPhone accessories that it was dangerous and unsafe for its intended uses.

91. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to use due care under the circumstances.

92. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to not place Plaintiff at risk of harm through their actions or inactions.

93. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to have their IPhone/iPhone accessories under such control that they would not cause injury, to any person, including Plaintiff.

Case ID: 210_ __

94. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to have policies and procedures in place to ensure the equipment is used in an appropriate manner.

95. On or about January 27, 2020, and at all times relevant and material hereto Defendants owed to Plaintiff a duty to train their employees and supervisors.

96. On or about January 27, 2020, and at all times relevant and material hereto Defendants owed to Plaintiff to follow all policies and procedure set up by Defendants and which would protect Plaintiff.

97. On or about January 27, 2020, and at all times relevant and material hereto Defendants owed a duty to Plaintiff to have followed all written and/or other Corporation policies and/or procedures.

98. The aforesaid accident was due solely to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct and/or outrageous and/or intentional conduct of Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff.

99. The negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct and/or outrageous and/or intentional conduct of Defendants consisted of the following:

    a. Failing to properly test, distribute and sell the subject iPhone;

    b. Failing to provide proper and adequate training regarding the operation, use and safety of the subject iPhone.

    c. Failing to adopt and/or incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and/or misuses;

Case ID: 210305268

d. Failing to provide adequate warnings, instructions, and/or directions regarding the safe use, operation, maintenance and/or servicing of the subject iPhone/iPhone accessories;

e. Failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

f. Failing to properly and adequately test and inspect the subject iPhone/iPhone accessories for defects;

g. Issuing inadequate and/or incorrect instructions or warnings relative to use and maintenance of the subject iPhone/iPhone accessories;

h. Failing to minimize foreseeable hazards and risks of injury associated with foreseeable uses and/or misuses of the subject iPhone/iPhone accessories;

i. Failing to adequately assess and evaluate the dangers and hazards associated with foreseeable uses and/or misuses of the subject iPhone/iPhone accessories;

j. Failing to timely and properly inspect the subject iPhone/iPhone accessories under the circumstances, both known and knowable to Defendant Apple;

k. Failing to conduct adequate studies, tests and inspections of the subject iPhone/iPhone accessories;

l. Failing to properly train and instruct Plaintiff on the safe use and operation of the subject iPhone/iPhone accessories after it was designed and manufactured by Defendant;

m. Failing to discover or take proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone/iPhone accessories;

    n.  Failing to maintain proper and adequate quality control or assurance procedure, inspections and/or monitoring in regard to the design;

    o.  Failing to maintain proper and adequate quality control or assurance procedures, testing, inspections, and/or monitoring, in regard to the third-party vendors and/or suppliers who supplied components for the subject iPhone/iPhone accessories;

    p.  Failing to properly and adequately warn Plaintiff of the dangers of the defective subject iPhone/iPhone accessories that Defendant knew, or in the exercise of due care, should have known existed; and

    q.  Failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as one Plaintiff experienced.

100.  On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to make sure that any equipment could be utilized in a safe manner to avoid the incident with the Plaintiffs person.

101.  The January 27, 2020 incident referred to above was directly and proximately caused by the negligence, carelessness and recklessness of some and/or all of the Defendants.

102.  As a result of the aforesaid incidents and injuries sustained, Plaintiffs, have incurred, yet incur and will/may incur various costs and expenses.

103.  As a result of the aforesaid incidents and injuries sustained, Plaintiffs, have been, are and will/may for an indefinite time in the future be forced to forego the pleasures of life.

104.  As a result of the aforesaid accident and injuries sustained, Plaintiff, A.A., has suffered, yet suffer and will/may for an indefinite time in the future physical pain, mental anguish and humiliation.

105. As a result of the aforesaid accident and injuries sustained, Plaintiff, A.A., has been forced to undergo hospitalization and medical treatment.

106. As a result of the aforesaid accident and injuries sustained, Plaintiffs, have expended, various and substantial sums of money for the medicine and medical attention in and above endeavoring to treat and cure themselves of their injuries all to his great financial loss and damage.

WHEREFORE, the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

### COUNT V-NEGLIGENCE
### Plaintiffs v. Chuck Sullick

107. Paragraphs 1-106 as well as all paragraphs in the complaint are incorporated herein by reference as if fully set forth herein at length.

108. On or about December 3, 2019, Plaintiff purchased an Apple iPhone 11 Pro from BestBuy located at 449 Arena Hub Plaza, Wilkes-Barre Township, PA 18702.

109. On or about December 3, 2019, it is believed and averred that Defendant, Chuck Sullick, was the general manager, at the BestBuy store at 449 Arena Hub Plaza, Wilkes-Barre Township, PA 18702, who sold Plaintiffs the Apple iPhone 11 Pro.

110. Defendants failed to safely distribute and sell the iPhone/iPhone accessories.

111. Best Buy and/or BestBuy Inc. Co. and/or BestBuy.com sold Plaintiff, "A.A." by and through her Parent and/or Legal Guardian Ashley Neiman, the IPhone/iPhone accessories.

112.   Apple Inc. distributed and/or sold the IPhone/iPhone accessories to Best Buy and/or BestBuy Inc. Co. and/or BestBuy.com.

113.   At all times relevant to this complaint, Defendants so negligently, carelessly and recklessly designed, manufactured, constructed, assembled, inspected, distributed and sold the IPhone/iPhone accessories that it was dangerous and unsafe for its intended uses.

114.   On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to use due care under the circumstances.

115.   On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to not place Plaintiff at risk of harm through their actions or inactions.

116.   On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to have their IPhone/iPhone accessories under such control that they would not cause injury, to any person, including Plaintiff.

117.   On or about January 27, 2020, and at all times relevant and material hereto Defendants owed to Plaintiff to follow all policies and procedure set up by Defendants and which would protect Plaintiff.

118.   The aforesaid accident was due solely to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct and/or outrageous and/or intentional conduct of Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff.

119.   The negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct and/or outrageous and/or intentional conduct of Defendants consisted of the following:

    a.  Failing to properly test, distribute and sell the subject iPhone;

    b.  Failing to provide adequate warnings, instructions, and/or directions regarding the safe use, operation, maintenance and/or servicing of the subject iPhone/iPhone accessories;

    c.  Failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

    d.  Failing to properly and adequately test and inspect the subject iPhone/iPhone accessories for defects;

    e.  Failing to properly train and instruct Plaintiff on the safe use and operation of the subject iPhone/iPhone accessories after it was designed and manufactured by Defendant;

    f.  Failing to discover or take proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone/iPhone accessories;

    g.  Failing to properly and adequately warn Plaintiff of the dangers of the defective subject iPhone/iPhone accessories that Defendant knew, or in the exercise of due care, should have known existed; and

    h.  Failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as one Plaintiff experienced.

120. On or about January 27, 2020, and at all times relevant and material hereto, all Defendants owed to Plaintiff, a duty to make sure that any equipment could be utilized in a safe manner to avoid the incident with the Plaintiffs person.

121. The January 27, 2020 incident referred to above was directly and proximately caused by the negligence, carelessness and recklessness of some and/or all of the Defendants.

122.    As a result of the aforesaid incidents and injuries sustained, Plaintiffs, have incurred, yet

incur and will/may incur various costs and expenses.

123.    As a result of the aforesaid incidents and injuries sustained, Plaintiffs, have been, are and

will/may for an indefinite time in the future be forced to forego the pleasures of life.

124.    As a result of the aforesaid accident and injuries sustained, Plaintiff, A.A., has suffered,

yet suffer and will/may for an indefinite time in the future physical pain, mental anguish and

humiliation.

125.    As a result of the aforesaid accident and injuries sustained, Plaintiff, A.A., has been

forced to undergo hospitalization and medical treatment.

126.    As a result of the aforesaid accident and injuries sustained, Plaintiffs, have expended,

various and substantial sums of money for the medicine and medical attention in and above

endeavoring to treat and cure themselves of their injuries all to his great financial loss and

damage.

**WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against

the Defendant, Chuck Sullick, in an amount in excess of Fifty Thousand ($50,000.00)

Dollars together with compensatory damages, interest, punitive damages, cost of suit,

attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

## COUNT VI
## PRODUCTS LIABILITY AND/OR STRICT LIABILITY
### Plaintiffs v. Best Buy and/or BestBuy Co. Inc. and/or BestBuy.com, LLC

127.    Paragraphs 1-126 as well as all paragraphs in the complaint are incorporated herein by

reference as if fully set forth herein at length.

128.    On or about January 27, 2020, Plaintiff, A.A. was operating an Apple iPhone with Apple accessories designed and manufactured by Apple and sold by BestBuy.

129.    The subject iPhone/iPhone accessories had been created and sold by Defendants, and was sold to Plaintiff.

130.    The subject iPhone/iPhone accessories were in a defective and unsafe condition when the phone left the control of Defendant Apple and BestBuy and was unsafe for its reasonably foreseeable and intended uses.

131.    The subject iPhone/iPhone accessories were used in the manner in which it was intended and/or a reasonably foreseeable manner.

132.    The defect violated the Plaintiff's expectations of safety and functionality, as no other iPhone/iPhone accessories that are being sold are causing major injuries to other consumers.

133.    A reasonable person, including Plaintiff, would conclude that the probability and seriousness of harm caused by the product outweigh the burden and/or costs of taking precautions.

134.    At all times relevant hereto, Defendant owed a duty to provide a reasonably safe product for Plaintiff to operate.

135.    At all times material and relevant hereto, the iPhone/iPhone accessories, upon leaving the control of the manufacturer and/or sold by Defendant was defective, in a condition not contemplated by the consumer which made the iPhone/iPhone accessories, unreasonably dangerous or not in a safe condition for use by the consumer.

136.    The subject iPhone/iPhone accessories were in a defective and unsafe condition and were, upon normal use, dangerous beyond a reasonable consumer's contemplation.

137.   The subject iPhone/iPhone accessories were in a defective and unsafe condition wherein a reasonable person would conclude that the probability and seriousness of harm caused by the product outweigh the burden or cost of taking precautions.

138.   Defendant had a duty to make/market product to the consumer without a substantial change in the condition which it was sold—free from a defective and unreasonably dangerous condition to the consumer.

139.   At all times relevant hereto, Defendants owed a duty to warn of any dangers and risks of injury when that product is used by a consumer in the manner and purpose for which the manufacturer and seller intended or had reason to believe it might be used or in a manner and purpose for which an ordinary person might believe it to be safe to use even though the manufacturer or seller did not intend or know it would be so used.

140.   At all times relevant hereto, Defendants owed a duty to use reasonable care in designing, manufacturing and assembling products to insure that they are safe for the intended use and for any other use for which the products were made or sold or for which Defendant knew or should have known or foreseen might be made of the product.

141.   At all times relevant hereto, Defendants owed a duty to make all necessary tests and inspections to insure that Defendants' products are not likely to cause injury or harm when being used.

142.   At all times relevant hereto, Defendants owed a duty to warn or otherwise inform others of any condition, use or circumstance involving the products that might cause injury of which he knew or should have known at the time the products were made or sold or of which he later became aware or should have become aware.

143.   At all times relevant hereto, Defendants owed a duty to take action to be certain Defendants' products may be used safely.

144.   At all times relevant hereto, Defendants owed a duty to manufacture and sell a product that embodies the most feasible design and safety devices and to employ the design and to utilize the safety devices which could have reasonably made the product less hazardous.

145.   At all times relevant hereto, Defendants who sell a product manufactured by another has the same duties as the manufacturer of the product.

146.   At all times relevant hereto, Defendants whether a wholesaler, retailer, supplier or distributor owed a duty to inspect or test a product manufactured by another where inspection would disclose dangers to the ultimate user of the product.

147.   At all times relevant hereto, Defendants whether a wholesaler, retailer, supplier or distributor owed a duty to warn the buyer of such product risks or dangers that may be encountered in the use of the product.

148.   At all times relevant hereto, Defendants whether a manufacturer, wholesaler, retailer, supplier or distributor owed a duty to insure the product would conform to any statement, affirmation of fact or any promise made regarding the product, description of the product or a sample or model of the product.

149.   At all times relevant hereto, Defendants owed a duty to provide adequate warnings.

150.   At all times relevant hereto, Defendants owed a duty to properly and adequately design the iPhone/iPhone accessories, in a safe and reasonable manner.

151.   At all times relevant hereto, Defendants owed a duty to provide protection so that persons using the iPhone/iPhone accessories would not be injured.

152.   At all times relevant hereto, Defendants owed a duty to properly manufacture the subject product, such that it was free from defects and/or variations from design specifications.

153.   Defendant participated in the sale of a product.

154.   Defendant installed and assembled the product which contained a defective condition because the design was defective and unsafe.

155.   This design defect made the product unreasonably dangerous.

156.   The products as assembled by Defendants remained unchanged and were in the same condition at the time of the injury hereafter alleged.

157.   The defects in the IPhone/iPhone accessories caused the injuries to the Plaintiff.

158.   Because of the lack of warnings or instructions Plaintiff was unaware of the dangers of the product.

159.   The subject equipment was improperly designed and constructed, such that persons operating the iPhone/iPhone accessories could easily be injured through the product failure.

160.   Multiple alternative designs existed that would have prevented an individual operating an IPhone/iPhone accessories without being injured.

161.   Such alternative designs were feasible, available, and have required either no extra or minimal extra cost in manufacturing and designing the equipment.

162.   Such alternative designs were necessary given the obvious dangers of an iPhone/iPhone accessories causing serious harm should it malfunction.

163.   As a sole and direct result of Defendant violating the duties and breaches stated within this complaint as well as its actions and inactions, jointly, severally and through the actions and inactions of its servants, agents, workmen and employees caused the injuries to Plaintiff.

164.   As a result of the aforesaid accident and injuries sustained, Plaintiffs have incurred, yet incur and will/may incur various costs and expenses.

165.   As a result of the aforesaid accident and injuries sustained, Plaintiff, A.A. has been, is and will for an indefinite time in the future be forced to forego the pleasures of life and loss of companionship.

166.   As a result of the aforesaid accident and injuries sustained, Plaintiff A.A., has suffered, for an indefinite time in the future physical pain, and mental anguish.

167.   On or about January 27, 2020, Plaintiff A.A. was operating an Apple iPhone with Apple accessories designed and manufactured by Apple and sold by BestBuy.

168.   The subject iPhone/iPhone accessories had been created and sold by Defendants, and was sold to Plaintiff.

169.   The subject iPhone/iPhone accessories were in a defective and unsafe condition when the phone left the control of Defendant Apple and BestBuy and was unsafe for its reasonably foreseeable and intended uses.

170.   The subject iPhone/iPhone accessories were used in the manner in which it was intended and/or a reasonably foreseeable manner.

171.   The defect violated the Plaintiff's expectations of safety and functionality, as no other iPhone/iPhone accessories that are being sold are causing major injuries to other consumers.

172.   A reasonable person, including Plaintiff, would conclude that the probability and seriousness of harm caused by the product outweigh the burden and/or costs of taking precautions.

173.   At all times relevant hereto, Defendant owed a duty to provide a reasonably safe product for Plaintiff to operate.

174.    At all times material and relevant hereto, the iPhone/iPhone accessories, upon leaving the control of the manufacturer and/or sold by Defendant was defective, in a condition not contemplated by the consumer which made the iPhone/iPhone accessories, unreasonably dangerous or not in a safe condition for use by the consumer.

175.    Defendant had a duty to make/market product to the consumer without a substantial change in the condition which it was sold—free from a defective and unreasonably dangerous condition to the consumer.

176.    At all times relevant hereto, Defendants owed a duty to warn of any dangers and risks of injury when that product is used by a consumer in the manner and purpose for which the manufacturer and seller intended or had reason to believe it might be used or in a manner and purpose for which an ordinary person might believe it to be safe to use even though the manufacturer or seller did not intend or know it would be so used.

177.    At all times relevant hereto, Defendants owed a duty to use reasonable care in designing, manufacturing and assembling products to insure that they are safe for the intended use and for any other use for which the products were made or sold or for which Defendant knew or should have known or foreseen might be made of the product.

178.    At all times relevant hereto, Defendants owed a duty to make all necessary tests and inspections to insure that Defendants' products are not likely to cause injury or harm when being used.

179.    At all times relevant hereto, Defendants owed a duty to warn or otherwise inform others of any condition, use or circumstance involving the products that might cause injury of which he knew or should have known at the time the products were made or sold or of which he later became aware or should have become aware.

Case ID: 210302528

180.   At all times relevant hereto, Defendants owed a duty to take action to be certain Defendants' products may be used safely.

181.   At all times relevant hereto, Defendants owed a duty to manufacture and sell a product that embodies the most feasible design and safety devices and to employ the design and to utilize the safety devices which could have reasonably made the product less hazardous.

182.   At all times relevant hereto, Defendants who sell a product manufactured by another has the same duties as the manufacturer of the product.

183.   At all times relevant hereto, Defendants whether a wholesaler, retailer, supplier or distributor owed a duty to inspect or test a product manufactured by another where inspection would disclose dangers to the ultimate user of the product.

184.   At all times relevant hereto, Defendants whether a wholesaler, retailer, supplier or distributor owed a duty to warn the buyer of such product risks or dangers that may be encountered in the use of the product.

185.   At all times relevant hereto, Defendants whether a manufacturer,  wholesaler, retailer, supplier or distributor owed a duty to insure the product would conform to any statement, affirmation of fact or any promise made regarding the product, description of the product or a sample or model of the product.

186.   At all times relevant hereto, Defendants owed a duty to provide adequate warnings.

187.   At all times relevant hereto, Defendants owed a duty to properly and adequately design the iPhone/iPhone accessories, in a safe and reasonable manner.

188.   At all times relevant hereto, Defendants owed a duty to provide protection so that persons using the iPhone/iPhone accessories would not be injured.

Case ID: 2 . .  .52

189.   At all times relevant hereto, Defendants owed a duty to properly manufacture the subject product, such that it was free from defects and/or variations from design specifications.

190.   Defendant participated in the sale of a product.

191.   Defendant installed and assembled the product which contained a defective condition because the design was defective and unsafe.

192.   This design defect made the product unreasonably dangerous.

193.   The products as assembled by Defendants remained unchanged and were in the same condition at the time of the injury hereafter alleged.

194.   The defects in the IPhone/iPhone accessories caused the injuries to the Plaintiff.

195.   Because of the lack of warnings or instructions Plaintiff was unaware of the dangers of the product.

196.   The subject equipment was improperly designed and constructed, such that persons operating the iPhone/iPhone accessories could easily be injured through the product failure.

197.   Multiple alternative designs existed that would have prevented an individual operating an IPhone/iPhone accessories without being injured.

198.   Such alternative designs were feasible, available, and have required either no extra or minimal extra cost in manufacturing and designing the equipment.

199.   Such alternative designs were necessary given the obvious dangers of an iPhone/iPhone accessories causing serious harm should it malfunction.

200.   As a sole and direct result of Defendant violating the duties and breaches stated within this complaint as well as its actions and inactions, jointly, severally and through the actions and inactions of its servants, agents, workmen and employees caused the injuries to Plaintiff.

Case ID: 210630178

201.   As a result of the aforesaid accident and injuries sustained, Plaintiff has incurred, yet incur and will/may incur various costs and expenses.

202.   As a result of the aforesaid accident and injuries sustained, Plaintiff A.A. has been, is and will for an indefinite time in the future be forced to forego the pleasures of life and loss of companionship.

203.   As a result of the aforesaid accident and injuries sustained, Plaintiff A.A., has suffered, for an indefinite time in the future physical pain, and mental anguish.

   **WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

### COUNT VII—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Plaintiffs v. Best Buy and/or BestBuy Co. Inc. and/or BestBuy.com, LLC

204.   Paragraphs 1-203 are incorporated herein by reference as if fully set forth herein at length as well as the entire Complaint.

205.   The use of the phone by the Plaintiff owner and user was accompanied by Defendants' implied warranty of merchantability.

206.   Plaintiffs expected to be able to use the subject phone for its ordinary purpose.

207.   The subject phone was not fit for its ordinary use.

208.   The subject phone did not conform to the promises and affirmations of fact made on the container, label. and similar advertising.

Case ID: 210302528

209.   The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

210.   Because the subject phone was sold to the owner and user with a serious defect that manifested itself within the period of the implied warranty and which substantially reduces its safety and performance, it (1) would not pass without objection in the trade under the contract description, (2) was and is not fit for the ordinary purposes for which such goods are used, (3) was not adequately contained, packaged, and labeled, and (4) did not conform to the promises or affirmations of fact made on the container or label.

211.   Plaintiffs have been damaged by Defendants' violations and its failure to comply with its obligations under the implied warranty of merchantability.

   **WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

## COUNT VIII - LOSS OF SERVICES

212.   The Paragraphs 1-211 are incorporated herein by reference as if fully set forth herein at length as well as the entire Amended Complaint.

213.   At all times pertinent hereto, Ashley Neiman was/is the parent and legal guardian of minor A.A.

Case ID: 210302.28

214.   At the time of this incident, A.A. was under eighteen (18) years of age.

215.   Plaintiff, Ashley Neiman, has incurred and will incur various expenses related to the injuries sustained by her child A.A., including but not limited to past, present, and future medical expenses.

216.   Plaintiff, Ashley Neiman, has suffered and will continue to suffer a loss of past, present, and future services related to the injuries sustained by her child A.A.

   **WHEREFORE,** the Plaintiffs respectfully requests judgment in their favor and against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, interest, punitive damages, cost of suit, attorneys' fees and any such relief as this Honorable Court deems equitable, just, and proper.

Respectfully submitted,
**PISANCHYN LAW FIRM**

By:
Michael J. Pisanchyn Jr., Esquire
Attorneys for Plaintiff
524 Spruce Street
Scranton, PA 18503
(570) 344-1234

By:
Thomas J. Carroll Jr., Esquire
Attorneys for Plaintiff
524 Spruce Street
Scranton, PA 18503
(570) 344-1234

Case ID: 210300

<u>VERIFICATION</u>

Ashley Neiman, Individually, and as The Guardian and Natural Parent of "AA", a minor, being duly sworn according to Pennsylvania law, deposes and says that she/he is the Plaintiff in the foregoing action; that the attached Complaint is based upon information which she/he has furnished to counsel and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of the Plaintiff. Plaintiff has read the Complaint and, to the extent that the Complaint is based upon information which she/he has given to counsel, it is true and correct to the best of her knowledge, information, and belief. To the extent that the content of the Complaint is that of counsel, Plaintiff has relied upon counsel in making this Verification. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. I understand that this verification is made subject to the provisions of 18 Pa. C.S.A. §4904, pertaining to unsworn falsification to authorities.

Ashley Neiman, Individually, and as The Guardian and Natural Parent of "AA", a minor

Case ID: 210302S

7018 1830 0000 4093

Best Buy and/or Best Buy Co. Inc. and/or
BestBuy.com, LLC
7601 Penn Ave
South Richfield, MN 55423

1000

55423



U.S. POSTAGE PAID
FCM LG ENV
18503
SCRANTON, PA
APR 08, 21
AMOUNT
$8.65
R2305K14082508

To: DEPT LEGAL

Telephone:

Processed: 4/12/21 1:36:19 PM

70181830000214093088814

LEGAL