IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY NEIMAN, INDIVIDUALLY :<br>AND AS THE GUARDIAN AND :<br>NATURAL PARENT OF "AA," a minor :<br>                                                 :<br>    v.                                           :<br>                                                 :<br>APPLE INC., ET AL.                               : | CIVIL ACTION NO. 21-2028 |

McHUGH, J.                                                                                    July 6, 2021

## MEMORANDUM

This is an action to recover for personal injuries that raises no substantive issues of federal law. Plaintiff A.A., through her Parent and Legal Guardian Ashley Neiman, alleges that she sustained injuries from an Apple iPhone 11 Pro that she purchased from a Wilkes-Barre Best Buy. *See* Defs' Notice of Removal Ex. A, at ¶¶ 2, 8, 9, ECF 1-2. Plaintiff originally filed in the Philadelphia County Court of Common Pleas, naming Defendants Best Buy Co., Inc., BestBuy.com, LLC (collectively, "Best Buy"), Apple Inc. ("Apple"), and Chuck Sullick, the general manager of the Wilkes-Barre Best Buy. *Id.* ¶¶ 3–6, 14–18. The Best Buy and Apple Defendants are not citizens of Pennsylvania but Sullick, like Plaintiff is. *Id.* ¶¶ 2, 6.

Defendants have removed this case, alleging that I may exercise diversity jurisdiction over the action. *See* Defs' Notice of Removal, ECF 1.[1] Specifically, they contend that complete diversity exists even though Plaintiff also has named Sullick, a nondiverse party, as a defendant.

---

[1] Defendants also claim that removal was proper because the forum defendant rule is inapplicable. *See* Def.'s Resp. Opp'n Pl.'s Mot. Remand 3, ECF 12. The Third Circuit has held that the forum defendant rule "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served," and the forum defendant here was not served before removal. *Encompass Ins. Co. v. Stone Mansion Rest. Inc*., 902 F.3d 147, 152 (3d Cir. 2018). That does not eliminate their obligation to show complete diversity. *See Hampton v. Speedway LLC*., No. 20-6279, 2021 WL 1339953, at *2 (E.D. Pa. Apr. 9, 2021) (Brody, J.)

1

According to Defendants, complete diversity remains because the nondiverse defendant was joined only to destroy diversity jurisdiction, thus implicating the "fraudulent joinder" exception to the complete diversity requirement. *Id.* ¶ 19. Plaintiff responds that the nondiverse defendant was properly joined under Pennsylvania law and moves to remand the case back to state court. *See* ECF 7. For the reasons that follow, I will grant Plaintiff's motion.

A defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). For removal based on diversity of citizenship, federal jurisdiction requires complete diversity between the parties—every plaintiff must be of diverse state citizenship from every defendant. 28 U.S.C. § 1332(a); *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Given that Plaintiff and Defendant Sullick are both Pennsylvania citizens, if Sullick is properly joined, complete diversity does not exist.

The doctrine of fraudulent joinder is an exception to the complete diversity requirement. *In re Briscoe*, 448 F.3d at 215–16. In an action that does not appear to satisfy the requirements for diversity jurisdiction, defendants may assert "fraudulent joinder" and establish complete diversity if they can demonstrate that there is no lawful basis for recovery against the nondiverse defendant. *Id.* at 216. However, the fraudulent joinder exception "should not be invoked lightly" because the "removal statutes are to be strictly construed against removal." *Ramos v. Wal-Mart Stores, Inc.*, 202 F. Supp. 3d 457, 462 (E.D. Pa. Aug. 18, 2016) (quoting *In re Briscoe*, 448 F.3d at 217). Indeed, a plaintiff's decision to join a nondiverse party may be considered fraudulent only if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants." *In re Briscoe*, 448 F.3d at 217. Stated differently, diverse defendants alleging fraudulent joinder must show not just that the claims against the nondiverse defendant lack merit, but that those claims are

"wholly insubstantial and frivolous." *Id.* at 218.  That standard imposes a "heavy burden of persuasion" on the removing party.  *See id.* at 217.

Defendants do not meet this burden.  When reviewing a fraudulent joinder claim, the court "must accept any well-pleaded allegations as true" and may not adjudicate the merits of those allegations, *id.* at 219 and must take care not to step away "from the threshold jurisdictional issue into a decision on the merits." *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 122 (3d Cir.1990) Defendant Best Buy has proffered an affidavit from Chuck Sullick, claiming that he was not working at the time Plaintiff purchased the iPhone.  *See* Def.'s Resp. Opp'n Pl.'s Mot. Remand Ex. F, at ¶¶ 4. 5, ECF 11-7.  Because this information goes directly to the legal merits of Plaintiff's claim, it cannot be considered as part of a fraudulent joinder inquiry.  I will therefore examine only whether Plaintiff's claim is "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218.

To prevail, Plaintiff must establish that (1) Sullick owed her a duty; (2) that Sullick breached that duty; (3) that there is a causal relationship between the breach and her injury; and (4) that she incurred damages.  *Fennell v. Nationwide Mut. Fire Ins.*, 603 A.2d 1064, 1066–67 (Pa. Super. Ct. 1992).  Within the products liability context, Pennsylvania courts have entertained negligence claims against distributors that sell defective products.  *See, e.g.*, *Fravel v. Suzuki Motor Co., Ltd.*, 486 A.2d 498, 499, 502 (Pa. Super. Ct. 1984) (reversing grant of demurer where plaintiff alleged that a motorcycle seller failed to add necessary safety devices and warn users of potential danger).  The Pennsylvania Supreme Court has further established that corporate officers may be liable for tortious acts when they engage in misfeasance, as opposed to mere nonfeasance.  *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 622 (1983).  *See also Ramos*, 202 F.Supp. at 463 (applying misfeasance analysis to store managers).  This standard requires Plaintiff to plead the improper performance of an act, as opposed to an omission of an act which a person is ought to

3

do. *See Ahearn v. BJ's Wholesale Club, Inc.*, No. 19-3012, 2020 WL 1308216 at *2 (E.D. Pa. Mar. 18, 2020). Defendants cite a few district court decisions that attempt to predict how the Pennsylvania courts will address claims that a store manager allowed a defective product to reach consumers, but I remain convinced that the scope of tort liability under state law is best left to state courts. *See Bradley-Williams Agency Insurance Company of Maryland,* 282 F. Supp. 3d 882, 887 (E.D. Pa. 2017).

Plaintiff's Complaint claims that Sullick "was the general manager, at the BestBuy store at 449 Area Hub Plaza … who sold Plaintiffs the Apple iPhone 11 Pro." *See* Defs' Notice of Removal Ex. A, at ¶ 109. This paragraph, while ambiguous, appears to plead that Sullick sold Plaintiff the defective iPhone. Plaintiff further charges that Sullick failed to *properly* test the iPhone and to *adequately* warn Plaintiff of the dangers of the defective iPhone. *Id.* ¶¶ 119(a), (g) (emphasis added). If the complaint is accepted as true, Plaintiff appears to allege that Sullick affirmatively sold the phone, engaged in inadequate testing of the device, and provided ineffective warnings. This suffices to state a claim for misfeasance, as Plaintiff alleges Sullick is liable for "the improper performance of an act," not the mere "omission of an act which a person ought to do." *Ramos*, 202 F.Supp. at 464.

Plaintiff's allegations may strain credulity, and her ultimate case against Sullick may be weak. But the test for fraudulent joinder is not whether Plaintiff's claims are feeble or whether Plaintiff may fail to state a claim. To prevail, Defendants must show that the claim against the nondiverse defendant is "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218. It is likely the case that Sullick was named for the purpose of defeating diversity, but that is irrelevant to the issue of fraudulent joinder. *Chaborek v. Allstate Financial Services,* LLC, 254 F.Supp.3d 748, 752-53, 2017 WL 2423802, at *4 (E.D. Pa. 2017). Because I cannot conclude that there is

4

no set of facts whereby Plaintiff might establish that Sullick participated in the commission of a tort under Pennsylvania law, remand is warranted.

An appropriate order follows.

/s/ Gerald Austin McHugh<br>United States District Judge